HENRY E. NORTHMANN, Landlord, Respondent, *v.* ABRAHAM HASS, Tenant, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — Filed February, 1921.)

**Lease — exercise of option to renew — notice — landlord and tenant — summary proceedings — evidence.**

By a lease expiring April 30, 1920, the tenant had the option of a renewal for three years upon giving notice to the landlord by registered mail between April 1 and November 1, 1919. During that time the tenant gave both oral and written notice to the general agent of the landlord having charge of the premises and collection of rents, that he exercised his option to renew. *Held*, that where the testimony of the tenant in a summary proceeding against him as a holdover brought by one

who became the owner of the premises during the continuance of the lease, was to the effect that when he gave the oral and written notice he was told by the agent that notice by registered mail was not necessary, was denied by the agent, a question of fact was presented and a final order in favor of the landlord entered by direction of the court after a jury trial will be reversed and a new trial ordered.

APPEAL by tenant from a final order entered in favor of the landlord in the office of the clerk of the Municipal Court of the city of New York, borough of The Bronx, first district, upon direction of a verdict by the court after trial before a jury.

Bernard S. Deutsch, for appellant.

Robert E. Bergman (Louis Steckler, of counsel), for respondent.

WAGNER, J. Holdover proceedings were brought to recover possession of premises occupied by the tenant under a written lease expiring April 30, 1920. The premises were owned by one Ebling and during the continuance of the leasehold were sold to the plaintiff herein, the actual conveyance taking place on April 10, 1920. The lease contained a provision that the tenant could exercise an option of renewal for three years upon giving notice to the landlord by registered mail addressed to the landlord at his residence between April 1 and November 1, 1919. The tenant, as appears by his testimony, did during that time give both oral and written notice to one Sudbrink, plaintiff's agent, that he had exercised his option to renew according to the provisions of the lease and upon inquiry as to whether it was necessary to send further notice by registered mail was informed that they were aware of his intention to renew and that formal notice by registered mail was not necessary. At the

conclusion of the trial, the learned justice directed a verdict in plaintiff's favor and we think erroneously.

It was admitted upon the trial that Sudbrink was Ebling's agent, and the testimony. discloses that such agency was not a limited one but general so far as these premises were concerned. He had entire charge of them, collected the rents, superintended them during all the time covered by defendant's lease. All the checks were made to his order for payment of rent. Although clearly the notice of an election to renew must be given in strict accordance with the requirements provided for in the lease, and the tenant here had failed in their strict observance, nevertheless the general agent under the circumstances and the power vested in him by the owner had the right to orally waive, or rather on behalf of his principal elect not to treat the tenant's failure to give the required notice as an indication that he did not desire a renewal. *United States Realty & Imp. Co.* v. *Ewing,* 172 N. Y. Supp. 214. Although evidence given by tenant to the effect that he was told by Sudbrink that notice by registered mail would not be required and that he could have the renewal as he requested, was denied by the agent, we think it presented a question of fact for the determination of the jury and the trial court was without warrant in directing a verdict.

Final order reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

GUY and LEHMAN, JJ., concur.

Final order reversed and new trial granted, with thirty dollars costs to appellant to abide event.